SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone:   212-332-3800
Facsimile:    212-332-3888

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ERIC LIEBERT, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| TOYOTA MOTOR SALES, U.S.A., INC., | |
| Defendant. | |

  Plaintiff ERIC LIEBERT, by his attorneys, Sheppard Mullin Richter & Hampton LLP, for its complaint, alleges as follows:

THE PARTIES

  1.   Plaintiff Eric Liebert is an individual and a world renown artist, who is well known for his distinctive and unique style of design and artwork that he has created under his "HAZE" trademark who currently resides at 12 Conselya Street, Brooklyn, New York 11211. Plaintiff is the owner of the copyright and trademark sued on herein.

  2.   Defendant Toyota Motor Sales, U.S.A., Inc., upon information and belief, is a California corporation with its principal place of business at 19001 South Western Avenue, Torrance, California 90501.

3. This action is brought under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. and for trademark infringement and unfair competition under §§ 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114. This court has jurisdiction pursuant to Section 1338(a) of the Judicial Code (28 U.S.C. § 1338(a)). Venue is conferred by §§ 1391 and 1400(a) of the Judicial Code (28 U.S.C. § 1400(a)).

**FIRST CLAIM FOR RELIEF
COPYRIGHT INFRINGEMENT**

4. Plaintiff is in the business of creating original designs and artwork, including but not limited to, for use on a large number of products including clothing, accessories and consumer goods. Products incorporating plaintiff's original designs have been marketed throughout the United States, its territories and possessions.

5. Plaintiff is the creator and owner of an original visual work of art entitled "Haze Custom Scion tc Design." This design was a unique, novel and artistic visual work for a customized version of the Toyota Scion 2005tc automobile. Plaintiff is the proprietor in all copyright and ownership rights in the paint job design of the Haze Custom Scion tc Design. Plaintiff complied in all aspects with the Copyright Act's registration and deposit requirements and plaintiff's copyright application and designs were registered by the Copyright Office of the United States as Copyright Registration No. VA 1301728.

6. Plaintiff has been and still is the exclusive owner of the entire right, title and interest in and to the " Haze Custom Scion tc Design" design and in and to the copyright thereon and the registration thereof.

7. Plaintiff has expended great efforts in the creation and promotion of its original design as well as numerous other new and original designs, inclusive of those depicted

in plaintiff's aforementioned copyrighted work. Plaintiff also expends large sums of money to produce high quality reproductions of its original designs. Plaintiff also has been careful to ensure and maintain strict quality control standards to insure that products that incorporate its designs maintain a high quality of excellence in trade. Plaintiff has expended great efforts and expense to promote and market its designs and in building up public recognition and demand therefor. Over the years, plaintiff has built up a valuable business and enviable reputation by reason of the distinct design and styling, good taste and quality images that are widely identified in the minds of the purchasing public with plaintiff.

8. Without the consent of plaintiff and in complete disregard of plaintiff's rights, defendant has infringed plaintiff's aforementioned copyright within this judicial district and elsewhere throughout the United States by producing and offering for sale an advertisement and marketing materials that incorporate a copy of plaintiff's original, copyrighted design.

9. The unauthorized and infringing use by defendant of plaintiff's copyrighted design, unless enjoined, will cause irreparable harm, damage, and injury to plaintiff in that the sale of copies of plaintiff's original design will severely diminish the value of plaintiff's original design by diluting the market and destroying the distinctiveness of the design and its identity as being plaintiff's exclusive property.

10. Plaintiff will also be irreparably damaged and injured by the unauthorized and infringing use by defendant of its copyrighted work on products originating from another source, the production, offering for sale and selling of such unauthorized works causing confusion and mistake not only on the purchasing public.

## SECOND CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1125 (a))

11. Plaintiff hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 10, above.

12. The Haze Custom Scion tc Design prominently features plaintiff's "HAZE" trademark.

13. Commencing at some time unknown to plaintiff, defendant engaged in unauthorized activities in commerce, including but not limited to producing and displaying advertisement and marketing materials that incorporate a copy of plaintiff's HAZE trademark in connection with automobile sales, thereby infringing plaintiff's HAZE trademark.

14. Defendant's infringing activities have caused and are likely to continue to cause confusion, mistake, and deception among the general consuming public and trade as to the origin, affiliation, sponsorship, or endorsement of the defendant's advertisements.

15. Defendant's lawful actions have been entirely without plaintiff's consent and have caused and are likely to continue to cause unquantifiable damages to plaintiff.

16. Defendant's above-described illegal actions constitute infringement of the HAZE trademark in violation of Plaintiff's rights under Section 43 of the Lanham Act, 15 U.S.C. § 1125.

17. Upon information and belief, defendant has been using the HAZE trademark with full knowledge or at least willful disregard of plaintiff's exclusive rights in the HAZE trademark.

18. Defendant's conduct is intentionally willful, wanton, fraudulent, and malicious, and is undertaken with an intent to reap the benefit of plaintiff's goodwill and the fame and notoriety of his HAZE trademark.

19. Defendant has caused immediate and irreparable injury to plaintiff, and to his goodwill and reputation, and will continue to both damage plaintiff and deceive the public unless enjoined by this Court.

20. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN
### AND UNFAIR COMPETITION (15 U.S.C. § 1125 (a))

21. Plaintiff hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 20, above.

22. Upon information and belief, defendant engaged in unauthorized activities in commerce, including but not limited to producing and displaying advertisement and marketing materials featuring the Haze Custom Scion tc Design and incorporating a copy of plaintiff's HAZE trademark in connection with automobile sales.

23. Such unauthorized uses of the Haze Custom Scion tc Design and HAZE trademark constitute false designations of origin, and false descriptions and representations in connection with advertising and sale of defendant's automobiles. Defendant has caused the infringing advertisements to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of plaintiff.

24. Defendant's actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Defendant's conduct is causing immediate and irreparable injury to plaintiff and to its good will and reputation and will continue to both damage plaintiff and deceive the public unless enjoined by this Court.

26. Plaintiff has no adequate remedy at law.

27. Defendant has engaged in unfair trade practices and unfair competition against plaintiff to plaintiff's irreparable damage, which cannot be adequately calculated or compensated in money damages.

28. Plaintiff has put defendant upon notice of their infringing activity and, despite repeated notice, defendant has failed to cooperate with plaintiff.

WHEREFORE, plaintiff seek judgment as follows:

WHEREFORE, Plaintiff seeks judgment as follows:

A. Preliminarily, during the pendency of this action, and permanently after final hearing, enjoining defendant, and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them: (1) from using in any way the HAZE trademark, or any designation or design or trade dress so similar as to be likely to cause confusion, mistake or deception with, or to dilute in any way the HAZE trademark; (2) from unfairly competing with plaintiff in any manner; or (3) from infringing the copyright in and to

the Haze Custom Scion tc Design, in any manner, including, but not limited to the use, reproduction and/or display of the Haze Custom Scion tc Design;

    B.    Requiring defendant to pay plaintiff such actual damages, gains, profits or advantages as it has sustained or derived as a result of the infringement of the plaintiff's copyright, infringement of the HAZE trademarks, and unfair competition;

    C.    Requiring defendant to account for and pay over to plaintiff all gains, profits and advantages derived from its copyright and trademark infringements and unfair competition;

    D.    Ordering defendant to pay as damages for its conduct alleged herein a sum equal to three times the amount of the actual copyright and trademark damages suffered by plaintiff;

    E.    Ordering defendant to pay an appropriate amount as punitive damages to deter willful and wanton conduct such as its and to avoid future confusion or deception of the public and unfair competition with Plaintiff;

    F.    Directing that defendant deliver up for destruction all catalogues, film, computer files, advertising and promotional materials in its possession, custody or control or in the possession, custody or control of any of its agents which the Court shall find to have facilitated defendant's acts of copyright or trademark infringement or unfair competition with plaintiff;

    G.    Awarding plaintiff its costs, attorneys' fees, and investigator's fees incurred in this action;

    H.    Awarding plaintiff pre-judgment interest on its judgment; and

    I.    Granting plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial of its causes of action herein before a jury.

Dated: New York, New York
June 9, 2008

                                  SHEPPARD, MULLIN, RICHTER
                                    &amp; HAMPTON LLP

                                  By: _____
                                       Theodore C. Max (TM 1742)
                                       Charles LeGrand (CL 5320)
                                       Attorneys for Plaintiff Eric Liebert
                                  30 Rockefeller Plaza, 24th Floor
                                  New York, New York 10112
                                  Telephone: (212) 332-3800
                                  Facsimile: (212) 332-3888